IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                  Cr. No. 02-422 JP

PHILLIP N. CONTRERAS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    On March 3, 2003, the Defendant filed a Motion to Dismiss Indictment (Doc. No. 17). Having reviewed the briefs and the relevant law, the Court finds that the motion to dismiss should be denied.

A.  Background

    The Defendant is charged with violating 18 U.S.C. §922(1)(g).  Section 922(1)(g) makes it unlawful for a felon "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  The firearm in this case was imported from Spain to the United States, sent to a retailer in Dayton, Ohio, and eventually traveled through interstate commerce to Roswell, New Mexico where the Defendant possessed it. The Defendant argues that the indictment should be dismissed because "[t]here is an insufficient connection between [Defendant's] alleged possession of the alleged firearm to confer Commerce Clause jurisdiction on the federal courts in this case."  Motion to Dismiss Indictment at ¶5.

B.  Discussion

It is well-established that possession of a firearm which previously traveled in interstate commerce is sufficient to meet the required "nexus between the possession of a firearm by a felon and commerce." *United States v. Dorris*, 236 F.3d 582, 584 (10th Cir. 2000)(citing *Scarborough v. United States*, 431 U.S. 563, 577 (1977)).  In other words, "an individualized showing of substantial effect on commerce [is] unnecessary." *Id*. at 585 (citing *United States v. Farnsworth*, 92 F.3d 1001, 1006 (10th Cir. 1996)).  Consequently, the fact that the firearm in question previously traveled in both foreign and interstate commerce is sufficient to establish the nexus between the Defendant and foreign and interstate commerce.  Section 922(1)(g) is, therefore, applicable.

IT IS ORDERED that Defendant's Motion to Dismiss Indictment (Doc. No. 17) is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE