IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Criminal No. 02-422

PHILLIP N. CONTRERAS,

    Defendant.

**MEMORANDUM OPINION AND ORDER ON ADMISSIBILITY**
**OF EVIDENCE PURSUANT TO FED. R. EVID. 404(b)**

THIS MATTER comes before the Court pursuant to the Government's Motion in Limine to Admit Evidence Pursuant to Fed. R. Evid. 404(b) [Docket No. 15] and Defendant's Motion in Limine [Docket No. 20]. Defendant's motion seeks exclusion of the same evidence sought to be admitted by the Government's motion. Thus, the Court will rule on the motions simultaneously. A hearing on the motions was conducted on May 15, 2003.

Both the Government's and the Defendant's motions address evidence of two instances of Defendant's conduct. At the hearing on May 15, 2003, I ruled that evidence of Defendant's alleged assault of Hector Saenz with a firearm on November 25, 2001 is admissible. This incident, occurring in close temporal proximity to Defendant's arrival at the Eastern New Mexico Medical Center, is part of the same possession of a firearm with which Defendant is charged. Thus, it is not an "other" crime, wrong, or act to which Fed. R. Evid. 404(b) would apply. Rather it is intrinsic to the charged offense. See U.S. v. Green, 175 F.3d 822, 831 (10th Cir. 1999) (finding that evidence that is directly probative of an element of the charged crime is not covered by Rule 404(b)); U.S. v. O'Brien, 131 F.3d 1428, 1432 (10th Cir. 1997) ("It is well settled that

Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged."); U.S. v. Mitchell, 613 F.2d 779 (10th Cir. 1980) (holding that, in prosecution for possession of an unregistered firearm, evidence that the defendant committed a robbery at a restaurant the evening before his arrest and using the same firearm was admissible to connect the defendant to the firearm and prove the element of possession in the charged offense).

I did not rule at the hearing on the admissibility of evidence of Defendant's alleged possession of a firearm at an Allsups convenience store in September 2001. Instead I reserved ruling until I could further consider the argument of counsel and the applicable law. In considering the law, the Tenth Circuit decision in U.S. v. Shomo, 786 F.2d 981 (10h Cir. 1986) came to my attention. I ordered additional briefing from the parties in light of Shomo, [Docket No. 63], and have now received sufficient argument from which to rule.

On November 25, 2001, Defendant allegedly possessed a .45 caliber handgun. The government seeks to admit evidence tending to show that the Defendant possessed a .357 caliber handgun in September 2001 during the Allsups incident. "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order show action in conformity therewith. It may, however, be admissible for other purposes . . .." Fed. R. Evid. 404(b).

The Government represents that it does not intend to introduce this evidence in its case in chief, but only to rebut any contentions by the defendant that he was not the person who shot himself in the leg on November 25, 2001. The Government also states that it will only introduce evidence that, in September 2001, Defendant was arrested for assault and found to be in possession of a firearm. The government asserts that the evidence of the Allsups incident is admissible to show motive, intent, knowledge, and absence of mistake. Specifically, the

government asserts that the September 2001 possession shows knowledge to rebut any contention by Defendant that he did not know that the .45 caliber handgun was a firearm.  Additionally, the Government asserts that the prior possession of a firearm shows the Defendant's intent to possess a different firearm at a later date.  Finally, the Government contends that evidence of the prior possession rebuts any contention Defendant may make that his alleged possession of a firearm in November 2001 was a mistake or accident.  Defendant urges that evidence of this prior possession of a firearm is not relevant to any proper purpose under Rule 404(b) and would serve no function other than to show Defendant's propensity to commit the charged offense.

    In Shomo, a defendant was charged with possessing a .38 caliber revolver after having been convicted of a felony.  The Government sought to introduce evidence showing that the defendant had been in possession of a rifle and a shotgun two weeks prior to his alleged possession of the revolver.  The trial court admitted the evidence based on the government's argument that the evidence was relevant to show the defendant's knowledge that it was unlawful for him to possess a firearm.  On appeal, the Tenth Circuit noted that knowledge of unlawfulness was not an element of the charged crime.  786 F.2d at 985.  Thus, the government's argument for admissibility to the trial court did not support the relevance of the evidence to anything needing to be proved in the case.  The Government abandoned this rationale for admissibility and argued to the appellate court that the evidence was admissible to show that the defendant knew that he instrument he was charged with possessing was, in fact, a firearm.  Id.  The Tenth Circuit was not persuaded by this argument.  Id.  The Court stated that it appeared the government had tried the case on the theory of "Give a dog an ill name and hang him."  Id. at 986 (citing Olinger v. Commissioner of Internal Revenue, 234 F.2d 823, 824 (5th Cir. 1956)).

In the case of Mr. Contreras, the September 2001 incident involved a different firearm than the one Defendant is alleged in the indictment to have possessed. Additionally, the Allsups incident occurred more than two months prior to the incident giving rise to the charges in this case. The Government attempts to distinguish the facts of this case from the facts in Shomo by pointing out that the previously possessed firearms in Shomo were a rifle and shotgun with the charged firearm being a handgun while both the previous possession and the charged possession in this case involved handguns. I am not persuaded that this distinction is sufficient to lead to a different result than that arrived at by the Tenth Circuit in Shomo. The Government also points out that Shomo was decided before Huddleston v. U.S., 485 U.S. 681 (1988). Nothing in Huddleston undermines or calls into question the result in Shomo. I conclude that the evidence of the Allsups incident in September 2001 is not relevant to a proper purpose under Fed. R. Evid. 404(b) regarding the offense charged in the indictment in this case. Accordingly, evidence that the Defendant was in possession of a firearm at an Allsup's convenience store in September of 2001 is not admissible in the instant case.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE